USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                   :

UNITED STATES OF AMERICA,          :

          -v-                          :

                                         :          1:15-cr-321-GHW

RAMIREZ DEAZA-ALCALA           :

                                       :              ORDER
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On September 13, 2021, a "Motion for Hardship Credit for Hard Time Served" by *pro se* Defendant Ramirez Deaza-Alcala was filed on the docket of this action. Dkt. No. 491 (the "Application"). Mr. Deaza-Alcala is currently serving a 132 month term of imprisonment imposed on him by the Court in January 2017 following his conviction for conspiracy to distribute and possess with intent to distribute heroin and cocaine. Dkt. No. 297. Mr. Deaza-Alcala requests that the Court grant him two days for credit for every day in prison that he has served as a result of the challenges of prison life described in the Application.

The Court is unaware that there is such a thing as a "hard time credit." In any event, the Court does not have the authority to make determinations regarding the calculation of the defendant's term of imprisonment. "Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review." *United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998). Decisions related to the calculation of an inmate's service time fall within the scope of authority of the Bureau of Prisons.

Reading the Application to raise the strongest arguments that it suggests, the Application

could be construed as an application for compassionate release under 18 U.S.C. § 3582(c)(1)(A). To the extent that it is, the Application must be denied because there is no indication that the defendant has satisfied the statutory preconditions to such a motion.

Accordingly, Mr. Deaza-Alcala's request for "hard time" credits is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at docket number 491, and to mail a copy of this order to Mr. Deaza-Alcala by first class and certified mail.

SO ORDERED.

Dated: October 2, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge